UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROCKIE FURTADO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ROCKIE FURTADO,<br><br>　　　　　　Defendant. | Case No. 25-cv-4070 (JMC) |

**MEMORANDUM OPINION**

Pro se Plaintiff Rockie Furtado filed a civil complaint in which he is seemingly suing himself. For the reasons discussed below, the Court **DISMISSES** the complaint for failure to comply with Federal Rule of Civil Procedure 8(a)(2).

Federal Rule of Civil Procedure 8(a)(2) requires civil complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not demand "detailed factual allegations," but it does require enough factual information "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). These requirements promote fairness—Rule 8(a) is intended to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Pleadings filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even pro se litigants must comply with the Federal Rules of Civil Procedure.

Furtado's complaint does not satisfy these requirements. The complaint alleges that "Mr. Rockie Furtado" has a "strategy" to "keep" the plaintiff "living as a ghost detainee/prisoner." ECF 1 at 6. The complaint does not reference a cause of action, nor do its factual assertions support

1

one. No less confounding, it is unclear if the plaintiff is attempting to sue himself, or if a different Rockie Furtado is named as the defendant. And although Furtado says the Court has federal question jurisdiction under 28 U.S.C. § 1331, *see* ECF 1 at 3, there is no apparent federal question on the face of the complaint. In short, even construing the complaint liberally, the Court is unable to identify what cognizable harm Furtado is alleging, who caused him that harm, how the law entitles him to any relief, and why this Court has jurisdiction to consider the claim at all.

Furtado's complaint is therefore dismissed for failure to comply with Rule 8(a)(2). The Court acknowledges that dismissing a case *sua sponte* is an unusual step, but the Court has the authority to do so when plaintiffs fail to comply with procedural rules. *See, e.g.*, *Brown v. WMATA*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (dismissing a complaint *sua sponte* for failing to comply with Rule 8(a)); *see also Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (finding no abuse of discretion where a district court dismissed a claim without prejudice for failure to comply with Rule 8(a)).

The Court will grant Furtado leave to refile within 30 days (by January 7, 2026) an amended complaint that cures the existing deficiencies. If he does not file an amended complaint within that timeframe, files an amended complaint that recycles the present complaint, or otherwise fails to comply with Rule 8, this action may be dismissed with prejudice. *Brown*, 164 F. Supp. 3d at 35. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

                                                                            _____
JIA M. COBB
United States District Judge

Date: December 8, 2025