**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| ROCKIE FURTADO JR., | |
| Plaintiff, | Case No. 25-cv-4070 (JMC) |
| v. | |
| ROCKIE FURTADO SR., | |
| Defendant. | |

**<u>MEMORANDUM OPINION</u>**

On November 18, 2025, pro se Plaintiff Rockie Furtado Jr. filed a civil complaint. ECF 1. On December 8, 2025, this Court dismissed that complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a)(2). ECF 5; ECF 6. Plaintiff timely filed an amended complaint on December 19, 2025. ECF 9. The Court again dismisses the complaint under Rule 8.

The amended complaint still fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition to a single sentence in which Plaintiff alleges Defendant "forced [him] to use drugs at a young age for over a decade," Plaintiff also mentions that Defendant "chang[ed] [Plaintiff's] legal name . . . just to mislead, bully[,] and keep [Plaintiff] in the dark while manipulat[ing Plaintiff] into using the same drugs [Defendant] used only to outshine (impressions of almightiness) and expose" Plaintiff. ECF 9 at 4. In a notice Plaintiff filed to supplement his amended complaint, he further alleges that he has been "held against [his] will for years." ECF 10 at 1. As with his initial complaint, Plaintiff still "does not reference a cause of action." ECF 5 at 2. Nor is it apparent from the amended complaint what legal claim Plaintiff is asserting—he alludes to violations of criminal laws, as well as his own "local and federal issues" and "serious mental health" issues. ECF 10 at

1. And although Plaintiff has now indicated that he is relying on diversity jurisdiction—the first complaint invoked federal question jurisdiction, *see* ECF 1 at 3—he has not included any allegations related to the amount in controversy, *see* ECF 9 at 4. Absent those allegations, and absent any indication of what legal claim Plaintiff is asserting, the Court cannot determine whether either basis for federal jurisdiction is satisfied. Plaintiff has therefore still failed to provide a "plain statement of the claim showing that" he is "entitled to relief" and "of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1), (2). The Court therefore again dismisses his complaint for failure to comply with Federal Rule of Civil Procedure 8.

That conclusion also requires denial of the pending motion for a default judgment. ECF 17. Setting aside that Plaintiff did not comply with Rule 55's procedure for seeking a default judgment by first filing an "affidavit or otherwise" showing Defendant's default, Fed. R. Civ. P. 55(a), the Court cannot enter a default judgment. Before awarding a default judgment, the Court must assure itself that "the allegations in the complaint are well-pled." *Eckardt v. KBR Luxury, Inc.*, No. 25-cv-2168, 2025 WL 2926423, at *2 (D.D.C. Oct. 15, 2025). Because Plaintiff's complaint does not satisfy Rule 8, the complaint's allegations fail that standard.

Plaintiff's amended complaint is therefore **DISMISSED** for failure to comply with Rule 8(a)(2) for largely the same reasons stated in this Court's prior opinion. *See* ECF 5. That is, "even construing the [amended] complaint liberally, the Court [still] is unable to identify what cognizable harm [Plaintiff] is alleging" and "how the law entitles him to any relief." *Id.* And as noted in the Court's prior opinion, because Plaintiff failed to file an amended complaint that comports with Rule 8, this action shall be **DISMISSED WITH PREJUDICE**. *Id.* at 3 (citing *Brown v. WMATA*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016)). The other pending motions—for a

protective order, ECF 18, and to expedite the answer, ECF 19—are denied as moot. A separate

order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: May 13, 2026